UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORLANDO GARCIA,<br><br>  Plaintiff,<br><br>  v.<br><br>DELATORRE PROPERTIES LLC, et al.,<br><br>  Defendants. | Case No.  21-cv-09236-JD<br><br>**ORDER RE MOTION TO DISMISS**<br>Re: Dkt. No. 14 |

The motion to dismiss, Dkt. No. 14, is suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b).  The parties' familiarity with the record is assumed, and the motion is denied.  The hearing set for February 24, 2022, is vacated.

Garcia has Article III standing to sue.  "An ADA plaintiff can demonstrate a cognizable injury by showing that [he intends] 'to return to a noncompliant accommodation and is therefore likely to reencounter a discriminatory architectural barrier' or 'when discriminatory architectural barriers deter him from returning to a noncompliant accommodation.'" *Strojnik v. 574 Escuela, LLC*, No. 3:18-CV-06777-JD, 2020 WL 1557434, at *3 (N.D. Cal. Mar. 31, 2020) (quoting *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 950 (9th Cir. 2011)).

Garcia alleges that "he wanted to return and patronize the business again but was specifically deterred" because there was insufficient "knee or toe clearance under the outside dining surfaces" for his wheelchair, and because the "patio entrance had a traditional round knob handle that required tight grasping and twisting of the wrist to operate," which was not possible for him to use due to his "manual dexterity issues."  Dkt. No. 1 ¶¶ 1, 10, 14, 19.  He also alleges that he will return to the restaurant once it is ADA complaint.  *Id.* ¶ 27.

This is enough to establish standing.  *See Civil Rights Education & Enforcement Center v. Hospitality Properties Trust (CREEC)*, 867 F.3d 1093 (9th Cir. 2017); *Strojnik*, 2020 WL

1557434, at *4. Defendant's doubts about the genuineness of Garcia's allegations do not demonstrate otherwise. *See CREEC*, 867 F.3d at 1099 (factual allegations in complaint construed in plaintiff's favor); *see also Whitaker v. Body, Art & Soul Tattoos Los Angeles, LLC*, 840 F. App'x 959, 960 (9th Cir. 2021) (unpublished) (plaintiff had standing where "complaint alleged that he uses a wheelchair for mobility, that he visited the defendant's premises, that he personally encountered an identified barrier related to his disability -- inaccessible sales counters -- and that the barrier deterred him from returning.").

**IT IS SO ORDERED.**

Dated: February 17, 2022

JAMES DONATO
United States District Judge